IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM MAURICE FORD, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer COZY, *et al.*, | : | NO. 1:04-cv-42(WLS) |
| Defendants | : | **RECOMMENDATION** |

*Pro se* plaintiff **WILLIAM MAURICE FORD'S** 42 U.S.C. § 1983 claims arise of an alleged use of excessive force against Officer Ray Cozy, who arrested plaintiff on February 11th. By order dated June 23, 2004, the Court ordered plaintiff to supplement his complaint to provide more detail. Plaintiff has provided the required supplemental complaint, in which he alleges the following claims:

(1) that **Officer Cozy** put his knee in plaintiff's back, put a gun to plaintiff's head, and then slammed plaintiff into the patrol car, causing plaintiff to suffer back injuries;

(2) that **Officer McKenny** witnessed the attack, had the apparent authority to stop it, but did not; and

(3) that **Sergeant Williams** failed to properly process plaintiff's "complaint" against Officer Cozy.

Plaintiff seeks to sue the following defendants: (1) Officer Cozy; (2) Officer McKenny; (3) Sergeant Williams; and (4) the Cordele Police Department.

*I. STANDARD OF REVIEW*

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

### A. Cordele Police Department

Presumably plaintiff names the Cordele Police Department as a defendant because it employs

the three other named defendants. The Cordele Police Department, however, is not an entity subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Accordingly, it is **RECOMMENDED** that the Cordele Police Department be **DISMISSED** as a defendant.

### *B. Sergeant Williams*

Plaintiff claims that he submitted a "complaint" against Officer Cozy, only to have Sergeant Williams refuse to file it. Plaintiff has not, however, presented any allegations of how he might have been harmed by said refusal. In any event, inmates do not have a constitutionally protected right to a grievance procedure. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Accordingly, it is **RECOMMENDED** that Sergeant Williams be **DISMISSED** as a defendant.

### *C. Officers Cozy and McKenny*

Although this Court has doubts about whether plaintiff will be able to prove his claims against Officers Cozy and McKenny, the Court will, by separate order, allow plaintiff's claims against said defendants to go forward.

**SO RECOMMENDED**, this 13th day of June, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE