IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIAM M. FORD, | : |
| Plaintiff, | : |
| VS. | : NO. 1:04-CV-42 (WLS) |
| Officer COZIE RAY, and Officer BOBBY J. McKINNEY, | : |
| Defendants. | : |

### RECOMMENDATION

This is a § 1983 action brought by a *pro se* litigant who is alleging excessive force during his arrest by the above named defendants, members of the Cordele, Georgia Police Department. The defendants have filed a motion for summary judgment, supported by the affidavits of both defendants and a brief in support of the motion (Document # 21). In support of their motion defendants show that the force used by them was not excessive, but only enough to accomplish the arrest of the fleeing plaintiff. The defendants also raise the defense of qualified immunity. The plaintiff was given the required notice of the filing of the motion and was advised of his right to respond in opposition thereto (Document # 23).

*Summary Judgment Standard*

Summary judgment may be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). The evidence and all factual inferences made therefrom must be viewed by the court in the light most favorable to the party opposing the motion. However, the opposing party cannot rest on his

pleadings to present an issue of fact but must respond to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which must be presented to a jury for resolution. See Van T. Junkins & Assoc. v. U.S. Industries, 736 F.2d 656, 658 (11th Cir. 1984) (emphasis added).

Specifically, the party seeking summary judgment bears the initial burden of identifying portions of the pleadings, depositions, answers to interrogatories, and admissions which he believes demonstrate an absence of any genuine issue of material fact. Hairston v. The Gainesville Sun Publishing Co., 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).

If the movant successfully meets his burden, the burden then shifts to the non-movant to establish by going beyond the pleadings that there are genuine issues of material fact to be resolved by a fact-finder. Clark v. Coats & Clark, 929 F.2d 604, 608 (11th Cir. 1991) (emphasis added). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Anderson v. Liberty Lobby , 477 U.S. 242 (1986). The question is whether the record as a whole could lead a rational trier of fact to find for the non-movant. Brown v. City of Clewiston, 848 F.2d 1534, 1543 (11th Cir. 1988).

*Discussion*

The order of this court entered June 13, 2005, among other things advised the plaintiff as follows:

**DUTY TO ADVISE OF ADDRESS CHANGE**

> During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### **DUTY TO PROSECUTE ACTION**

> Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

A review of the electronic docket for this case maintained under the Court's Case Management/Electronic Filing System reveals that the plaintiff has failed to keep the Court apprised of his current address as ordered and that consequently the Court does not know plaintiff's present whereabouts (Document # 25 and the two 'bullet' entries immediately preceding that document). The Court has communicated with plaintiff at Autry and Dodge State Prisons in the past. However, the required notice of the filing of the defendants' motion was mailed to plaintiff at both locations and returned to the Court because he was not at either location.

Although not a part of the record in this case, information available on the Georgia Department of Corrections web cite pertaining to the plaintiff indicates that he was released from prison on May 15, 2006. Inasmuch as defendants' motion was mailed to plaintiff at one of the two addresses from which his mail has been returned to the office to the Clerk, it seems highly likely that plaintiff has yet to receive a copy of defendants' motion. If true, this is the fault of only the plaintiff for his failure to keep the court and defense counsel advised of his current address. Plaintiff has received constructive notice of the filing of defendants' motion when defense counsel served him with same at his last known address. Inasmuch as he has been

served with the motion, his lack of a response in opposition can only be considered to be a failure to diligently prosecute his action as required by Rule 41(b).  This appears to be a case where, having obtained his release from State custody, plaintiff has simply lost interest in further pursuing this matter.  For the above reasons the undersigned has concluded that defendants are entitled to have their motion granted on procedural grounds.

A review of the material submitted by the plaintiff reveals that he has offered no evidence whatsoever in support of his allegations.  Nothing submitted by the plaintiff has been verified or sworn.  In short, he has submitted nothing more than uncorroborated allegations of excessive force by the defendants.  In support of their motion, defendants have presented evidence in the form of sworn affidavits that they used only the force necessary to effect the arrest of the plaintiff who had attempted to flee.  They presented further evidence that plaintiff was taken to the hospital, was examined and released.  The defendants have thus carried their burden of showing the absence of any genuine issue of material fact. . <u>Hairston v. The Gainesville Sun Publishing Co.</u>, 9 F.3d 913 (11th Cir. 1993).  The movants having successfully met their burden, the burden then shifts to the non-movant to establish <u>by going beyond the pleadings that there are genuine issues of material fact to be resolved by a fact-finder.</u>  <u>Clark v. Coats & Clark</u>, 929 F.2d 604, 608 (11th Cir. 1991) (emphasis added). This the plaintiff simply has not done as he has presented no evidence whatsoever.  Thus, it is seen that the defendants are entitled to summary judgment upon a consideration of the evidence as well.  IT IS SO RECOMMENDED.

Inasmuch as it has been found that the defendants are entitled to summary judgment for the reasons stated above, the court will not consider the qualified immunity defense raised.  Defendants submitted their brief as though plaintiff was raising pendant State law claims.  The

court does not interpret plaintiff's complaint in that manner.  However, in the event the plaintiff can be said to have raised pendant State law claims, since the defendants are entitled to summary judgment on the constitutional claims the court declines to exercise its pendant jurisdiction over any State law claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 8th day of June 2006.

                                                                */s/ Richard L. Hodge*
                                                                RICHARD L. HODGE
                                                                UNITED STATES MAGISTRATE JUDGE